

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re | 2011 TSPR 210 |
| | 183 DPR ____ |
| Ángel A. Ramírez Ferrer | |

Número del Caso: TS-10027

Fecha: 18 de noviembre de 2011

Abogado de la Parte Peticionaria:

Por derecho propio

Materia: Conducta Profesional- La suspensión será efectiva el 10 de enero de 2012 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ángel A. Ramírez Ferrer                TS-10027

PER CURIAM

En San Juan, Puerto Rico, a 18 de noviembre de 2011.

Una vez más nos vemos obligados a suspender a un miembro de nuestra profesión por incumplimiento con nuestras órdenes. Por los fundamentos que a continuación relataremos, se suspende inmediata e indefinidamente al Lcdo. Ángel A. Ramírez Ferrer del ejercicio de la abogacía y de la notaría.

I

El Lcdo. Ángel A. Ramírez Ferrer fue admitido al ejercicio de la abogacía el 13 de enero de 1992 y al ejercicio de la notaría el 27 de enero del mismo año.

Surge del expediente que el licenciado Ramírez Ferrer no cumplió con los requisitos establecidos

en el Reglamento del Programa de Educación Jurídica Continua, 4 L.P.R.A. AP. XVII-B, durante el período que cubría del 1 de enero de 2007 al 31 de diciembre de 2008. El 15 de enero de 2009 el Programa de Educación Jurídica Continua (PEJC) le cursó un aviso de incumplimiento. Sin embargo, el licenciado Ramírez Ferrer no pagó la cuota por incumplimiento tardío. Cabe mencionar, además, que en estos momentos el licenciado Ramírez Ferrer se encuentra activo como notario.

Así las cosas, el 13 de octubre de 2010 el PEJC le cursó una citación al licenciado Ramírez Ferrer para que asistiera a una vista informal el 16 de noviembre de 2010. Se le indicó en la citación que de no acudir a la vista, podía comparecer por escrito dentro de los diez (10) días siguientes al envío de la notificación. Asimismo, se le notificó que su ausencia o su incomparecencia por escrito se consideraría como una renuncia a expresarse ante el PEJC y se remitiría el asunto a nuestra atención.

Pasado el tiempo, el licenciado Ramírez Ferrer no presentó el escrito, ni acudió a la vista. Por esa razón, la Lcda. Yanis Blanco Santiago, Directora Ejecutiva del PEJC, nos remitió una Resolución el 15 de febrero de 2011 en la que nos informó que el licenciado Ramírez Ferrer no había cumplido con los requisitos antes indicados.

En vista de lo anterior, el 12 de abril de 2011 le concedimos al licenciado Ramírez Ferrer un término de veinte días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión por incumplir

con los requisitos de educación jurídica continua y no contestar los requerimientos de este Tribunal. A su vez, apercibimos al licenciado que el incumplimiento con los términos de la Resolución acarrearía su suspensión inmediata del ejercicio de la abogacía. El licenciado Ramírez Ferrer nunca contestó.

Por esa razón, y en ánimo de darle otra oportunidad al licenciado Ramírez Ferrer, el 20 de junio de 2011 le concedimos un término adicional de veinte días para que cumpliera con nuestra Resolución. Una vez más le advertimos que su incumplimiento podría dar origen a sanciones disciplinarias y a su suspensión inmediata del ejercicio de la abogacía. Ordenamos la notificación personal de esa orden. Sin embargo, al día de hoy, aún el licenciado Ramírez Ferrer no ha comparecido ante este Tribunal.

II

Como es sabido, el Canon 9 de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. Es fácil comprender la razón de tal exigencia: "La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional". In re Fernández Amy, 180 D.P.R. 158 (2011). Véase, además, In re García Incera, 177 D.P.R. 329 (2009); In re Colón Rivera, 165 D.P.R. 148 (2007). Esto es así, para mantener "[l]a

buena marcha del proceso judicial del país". Criterio General del Canon 9.

Por estas razones, "hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos". In re Vellón Reyes, Op. de 24 de mayo de 2011, 2011 T.S.P.R. 89, 2011 J.T.S. 94, 181 D.P.R. __ (2011). Véanse, además, In re García Incera, supra; In re Ríos Rodríguez, 172 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007).

III

Cada día nos asombra más cómo a pesar de las múltiples ocasiones en las que hemos acentuado la importancia del cumplimiento con las órdenes de este Tribunal, aún hay miembros de la profesión que las ignoran. Parecería que para muchos abogados, el Canon 9 de Ética Profesional, supra, ha sido eliminado de este cuerpo de normas.

Como se desprende del caso que nos ocupa, el licenciado Ramírez Ferrer exhibe una actitud de desprecio e indiferencia no solo con las órdenes de este Tribunal, sino con las que le hiciera el PEJC en el pasado. A pesar de las prórrogas concedidas, el licenciado Ramírez Ferrer no se ha molestado en contestar. Tal actitud nos obliga a concluir que no tiene interés en ejercer la profesión.

Por todo ello, nos vemos obligados a ordenar la suspensión inmediata e indefinida del Lcdo. Ángel A. Ramírez Ferrer del ejercicio de la abogacía y de la notaría. El licenciado Ramírez Ferrer tiene el deber de notificar a sus clientes, si alguno, de su inhabilidad para

continuar con su representación y deberá devolver a estos los expedientes de los casos pendientes así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de treinta días a partir de la notificación de esta Opinión y Sentencia.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial del Lcdo. Ángel A. Ramírez Ferrer, incluyendo su sello notarial, y deberá entregar la misma a la Oficina de Inspección de Notarías para el examen correspondiente e informe a este Tribunal.

Notifíquese personalmente esta Opinión al Lcdo. Ángel A. Ramírez Ferrer por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ángel A. Ramírez Ferrer                    TS-10027

SENTENCIA

En San Juan, Puerto Rico, a 18 de noviembre de 2011.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se ordena la suspensión inmediata e indefinida del Lcdo. Ángel A. Ramírez Ferrer del ejercicio de la abogacía y de la notaría. El licenciado Ramírez Ferrer tiene el deber de notificar a sus clientes, si alguno, de su inhabilidad para continuar con su representación y deberá devolver a estos los expedientes de los casos pendientes así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de treinta días a partir de la notificación de esta Opinión y Sentencia.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal. La Jueza Asociada señora Pabón Charneco no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo